IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| In re: | ) |
| | ) |
| BURLING MANOR, LLC. | ) |
| | ) |
| Debtor | ) |
| | ) |
| —————————————— | ) |
| | ) |
| MIDWEST CRE ACQUISITIONS, INC., | ) Case No. 16-cv-03547 |
| Appellant, | ) |
| | ) Hon. Virginia M. Kendall |
| v. | ) |
| | ) Magistrate Judge Sidney I. Schenkier |
| ASPEN HURON LLC, ET AL., | ) |
| | ) |
| Appellee. | ) |
| —————————————— | ) |

## REPORT AND RECOMMENDATION[1]

Following dismissal of the appeal in this bankruptcy matter, Appellee Aspen Huron LLC ("Aspen Huron") seeks an award of fees and costs against Appellant Midwest CRE Acquisitions, Inc. ("Midwest CRE"), and its attorneys' law firm Barney and Karamanis LLP ("Barney and Karamanis"), pursuant to Rule 8020 of the Federal Rules of Bankruptcy Procedure, Rule 38 of the Federal Rules of Appellate Procedure, and 28 U.S.C. § 1927 (doc. # 28: Appellee's Mot. for Award of Fees and Costs). Aspen Huron contends that Midwest CRE's appeal was frivolous, and in light of its history of delay and improper conduct before the bankruptcy and district courts, "there can be no doubt" that Midwest CRE pursued the appeal "vexatiously or for purposes of delay, harassment, or obstinancy [sic]" (*Id.*, at 3-4).

---

[1] On October 7, 2016, this case was referred to this Court pursuant to Local Rule 72.1 to conduct hearings and enter appropriate orders on Aspen Huron's motion for attorney fees and for sanctions (docs. # 47, 48).

For the reasons that follow, we respectfully recommend that Aspen Huron's motion be granted in part and denied in part.

## I.

Burling Manor, LLC (the "Debtor") owned a single-family home in Chicago, Illinois (the "Property") (doc. # 27: Order Granting Motion to Dismiss Appeal from Bankruptcy Court's Sale Order (the "Dismissal Order"), at 1). The Property was encumbered by a $910,000.00 mortgage (the "Mortgage") held by Citizens Bank and Trust of Chicago (*Id.*). Citizen's Bank failed in 2010, and the Federal Deposit Insurance Corporation ("FDIC") was appointed as receiver (*Id.*). The FDIC sold the Mortgage to SFR Venture, LLC on April 12, 2011 (*Id.* at n.1; doc. # 20: Suppl. to Jurisdictional Stmt., at 2 n.2). Also in 2011, the City of Chicago filed a petition to appoint a receiver for the Property to bring it into compliance with the Chicago Municipal Code (Suppl. to Jurisdictional Stmt., at 2-3). On February 14, 2012, CR Realty Advisers was named receiver of the Property and eventually held nine receiver certificates worth approximately $600,000.00 (*Id.*, at 3). On January 8, 2013, all of those receiver certificates were assigned to Aspen Huron (*Id.*).

On July 26, 2015, the Debtor filed a voluntary petition for relief under Chapter 7 of the United States Bankruptcy Code, and David Herzog was appointed Chapter 7 trustee (the "Trustee") (doc. # 5: Motion to Dism. Appeal, at 1). SFR Venture LLC sold the Mortgage to Midwest CRE, which recorded the assignment of the Mortgage on August 28, 2015 (Suppl. to Jurisdictional Stmt., at 2 n.2). On October 6, 2015, the Trustee filed a motion in the bankruptcy court to approve the sale of the Property to the highest bidder, Aspen Huron (Motion to Dism. Appeal, at 2; Dismissal Order, at 1).

On November 25, 2015, prior to adjudication of the motion to approve the sale, Aspen Huron filed an adversary proceeding in the bankruptcy court (the "Adversary Proceeding") seeking a determination that Aspen Huron's liens on the Property – stemming from the receiver certificates assigned to it in January 2013 – were senior in priority to Midwest CRE's lien (doc. # 11-1: Bankr. Ct. Order Granting Motion for Default Judgment). Midwest CRE did not file an answer, which led Aspen Huron to file a motion for default. Due to its failure to timely answer the complaint in the Adversary Proceeding, the bankruptcy court found Midwest CRE was in default (*Id.*, at 1-2). The bankruptcy court then found Midwest CRE failed to establish good cause for its default, and on February 24, 2016, the bankruptcy judge entered a default judgment against Midwest CRE in the Adversary Proceeding and determined that Aspen Huron held senior priority liens against the Property (*Id.*, at 5; Dismissal Order, at 2). After detailing Midwest CRE's numerous "procedural irregularities," the bankruptcy judge explained that he was "left with no other conclusion … than that [Midwest CRE] is seeking by way of gamesmanship to interfere with the administration of the bankruptcy case" (Bankr. Ct. Order Granting Motion for Default Judgment, at 5). On April 5, 2016, Midwest CRE appealed the bankruptcy court's judgment in the Adversary Proceeding to the district court (16-cv-4100); that case was assigned to Judge Tharp (the "Adversary Proceeding Appeal") (doc. # 30: Motion to Reconsider, at 1).

Meanwhile, on March 8, 2016, the bankruptcy judge held a hearing on the motion to approve the sale of the Property to Aspen Huron (doc. # 16-2: Transcript from Bankr. Proceedings March 8, 2016). Midwest CRE did not file written objections to the motion to approve the sale. During the hearing, the judge asked if anyone wanted to speak with respect to the sale (*Id.*, at 4). At that time, Midwest CRE objected to the sale on the ground that its lien on the property had priority status (Motion to Dism. Appeal, at 2; Transcript from Bankr.

3

Proceedings March 8, 2016, at 5). Midwest CRE raised this argument during the March 8, 2016 hearing before the bankruptcy court even though it previously lost this issue when the bankruptcy court entered a default judgment in the Adversary Proceeding on February 24, 2016.

The bankruptcy court rejected Midwest CRE's argument, and confirmed the sale to Aspen Huron free and clear of all claims against it (the "Sale Order") (docs. # 5-1: Bankr. Ct. Order Approving Sale to Highest Bidder). As part of the Sale Order, the bankruptcy court found that Aspen Huron was a good faith purchaser, and waived the automatic 14 day stay period (Bankr. Ct. Order Approving Sale to Highest Bidder, at 2-5). Midwest CRE did not seek to stay the Sale Order in the bankruptcy court or the district court. The Property sale to Aspen Huron closed on March 8, 2016 (Motion to Dism. Appeal, at 2).

On March 23, 2016, Midwest CRE, through Barney & Karamanis, filed this action appealing the bankruptcy court's Sale Order (the "Sale Order Appeal") which was assigned to Judge Kendall (doc. # 1: Amend. Notice of Appeal). Federal Rule of Bankruptcy Procedure Rule 8009(a)(1) requires appellants to file and serve the designation of items to be included in the record on appeal and a statement of the issues presented within 14 days after the notice of appeal. Midwest CRE did not make this filing. On April 12, 2016, Judge Kendall issued a briefing schedule on the Sale Order Appeal, ordering Midwest CRE to file its initial brief by April 26, 2016 (doc. # 2: Minute Entry 4/12/16).

Before Midwest CRE's initial brief was due, Aspen Huron filed a motion to dismiss the Sale Order Appeal on April 19, 2016 (Motion to Dism. Appeal). Aspen Huron asserted Midwest CRE's appeal was moot under operation of Section 363(m) of the Bankruptcy Code, because Midwest CRE failed to seek and obtain a stay of the Sale Order and the Property was sold (Motion to Dism. Appeal, at 2-3). Without altering the briefing schedule of the Sale Order

Appeal, Judge Kendall ordered Midwest CRE to respond to the motion to dismiss by May 11, 2016 (doc. # 10: Minute Order 4/27/16). On April 26, 2016, Midwest CRE filed its appellant's brief asserting, in addition to its arguments on the merits, that the district court had jurisdiction over the appeal pursuant to 28 U.S.C. § 158(a) (doc. # 7: Appellant's Opening Brief, at 1-2).[2]

Midwest CRE failed to respond to Aspen Huron's motion to dismiss by May 11. On May 18, 2016, Aspen Huron filed a motion for an expedited hearing on its motion to dismiss (doc. # 11: Motion to Exp. Ruling on Motion to Dism.). On May 25, 2016, Midwest CRE finally (two weeks late) filed its response to Aspen Huron's motion to dismiss, asserting Aspen Huron was not a good faith purchaser (doc. # 15: Resp. to Motion to Dism.).

On April 29, 2016, while the Sale Order Appeal was pending in front of Judge Kendall, Aspen Huron moved to dismiss the Adversary Proceeding Appeal pending before Judge Tharp (Motion to Reconsider, at 2). On June 8, 2016, at the hearing on the motion to dismiss the Adversary Proceeding Appeal, Judge Tharp granted Midwest CRE's motion to file its response to the motion to dismiss *instanter* (filed five days after the brief was due), noting in relevant part:

> I will say, given the issue that is the subject of the appeal in this case, namely the propriety of the default judgment that was entered in the adversary proceeding, it's remarkable to me that there still seemed to be difficulties meeting deadlines and filing material as required by court orders. That is inevitably going to be a problem if it continues.

(doc. # 35-2: Transcript from 6/8/16 9:30 a.m. in 16-C-4100, at 3). Judge Tharp then denied without prejudice Aspen Huron's motion to dismiss the Adversary Proceeding Appeal "for reasons stated on the record," and held in abeyance the briefing on the Adversary Proceeding Appeal pending Judge Kendall's ruling in the Sale Order Appeal (doc. # 30-1: Minute Order in 16-cv-4100 6/8/16 ). Notably, Judge Tharp did not address the merits of the motion to dismiss

---

[2] Section 158(a) "confers jurisdiction on district courts to hear appeals from final orders of a bankruptcy court …." *In re Sobczak?Slomczewski*, 826 F.3d 429, 431 (7th Cir. 2016).

the Adversary Proceeding Appeal. On July 14, 2016, after Judge Kendall's June 30, 2016 ruling dismissing the Sale Order Appeal (which we turn to momentarily), Judge Tharp ordered Aspen Huron to file a supplement to its motion to dismiss the Adversary Proceeding Appeal (16-C-4100, doc. # 24: Minute Entry 7/14/16).

Meanwhile, in the Sale Order Appeal, on June 7, 2016, Midwest CRE filed a supplemental jurisdictional statement alleging Judge Kendall lacked subject matter jurisdiction to hear the case, despite previously asserting in its initial brief on April 26 that the district court had subject matter jurisdiction (Suppl. to Jurisdictional Stmt., at 4-5). Aspen Huron responded to Midwest CRE's supplemental jurisdictional statement on June 20, 2016 (doc. # 24: Repl. to Suppl. Jurisdictional Stmt.).

On June 30, 2016, Judge Kendall held she had appellate jurisdiction, and granted Aspen Huron's motion to dismiss the Sale Order Appeal ("Dismissal Order"). Midwest CRE argued that the bankruptcy court and district court lacked subject matter jurisdiction pursuant to the Financial Institutions Reform, Recovery, and Enforcement Act of 1989 (FIRREA), which limits judicial review of claims where the FDIC has been named a receiver unless the FIRREA's administrative process has been exhausted (Dismissal Order, at 2 n.3). The process need only be invoked, however, if the suit is formally or even functionally against the FDIC or the depository institution for which the FDIC is receiver (*Id.*, quoting, *Farnik v. F.D.I.C.*, 707 F.3d 717, 722 (7th Cir. 2013)). The district court judge held the proceeding was properly before the bankruptcy court and that she had appellate jurisdiction because the claims were not against Citizens Bank, the depository institution, nor the FDIC (*Id.*).

Turning to Aspen Huron's motion to dismiss, Judge Kendall held that appeal of the Sale Order was moot under Section 363(m) because Midwest CRE did not move to stay the Sale

6

Order (*Id.*, at 3-4). Judge Kendall further held that Midwest CRE waived its argument that Aspen Huron is not a "good faith purchaser" by failing to raise the issue in the bankruptcy court (*Id.*, at 5). Additionally, Judge Kendall explained that the "good faith purchaser" argument would fail on the merits even were it not waived, because Midwest CRE had failed to "make the requisite showing of 'collusion, fraud or [that] the sale otherwise manifested bad faith" (*Id.*, quoting *Hower v. Molding Sys. Eng'g Corp.*, 445 F.3d 935, 938 (7th Cir. 2006)).

On July 11, 2016, Aspen Huron filed the instant motion for sanctions, arguing that Midwest CRE's appeal was frivolous and pursued vexatiously or for purposes of delay, harassment, or obstinacy. On that same date, Midwest CRE filed a motion for reconsideration of the Dismissal Order, which it later amended on July 14, 2016 (Motion to Reconsider; doc. # 33: Motion to Amend Motion to Reconsider). Midwest CRE raised multiple issues in its motion for reconsideration, including that on June 8, 2016, Judge Tharp denied Aspen Huron's motion to dismiss the Adversary Proceeding appeal, which was based on the same legal arguments as the motion to dismiss the Sale Order Appeal (doc. # 33-1: Amended Motion to Reconsider, at 10). Midwest CRE further argued that the Dismissal Order "direct[ly] contradict[s]" Judge Tharp's order, and that Judge Tharp's order "is a precedential decision which this Court should respectfully use as binding, or at a minimum, persuasive authority" (*Id*).

On August 11, 2016, Judge Kendall denied the motion for reconsideration. In so doing, Judge Kendall stated:

> Midwest [CRE] remarkably contends that the Court's Order is inconsistent with Judge Tharp's June 8, 2016 ruling "regarding the same issues." (Dkt. No. 33-1 at ¶ 25) Although Judge Tharp denied a motion to dismiss a related appeal in that case, Midwest [CRE] failed to provide *any* of the relevant context for Judge Tharp's order in its motion and failed to attach a transcript of the hearing during which Judge Tharp issued his order. In reviewing the transcript from that hearing, which Aspen [Huron] rather than Midwest [CRE] provided, it is clear that Judge Tharp denied the motion to dismiss in that case without prejudice *because he was*

7

*waiting for this Court to issue its Order* on the appeal. (*See* Dkt. No. 35-2 at 5:4-7 ("But right now [the appeal before this Court] is a live issue. You know, I can't sit here and say, well I think [Aspen] is going to win on that issue so this appeal is moot. That's got to run its course.").) Indeed, the primary, if not sole, issue during that hearing was whether Judge Tharp should wait for this Court to render its Order on the appeal before taking any action on the matter before him, which is exactly what he decided to do. Midwest, quite noticeably, makes no specific argument regarding how Judge Tharp's decision is allegedly precedential in its reconsideration motion. (*See* Dkt. No. 33-1 at 9-10; *see also*, Dkt. No. 35 at 5 (Aspen correctly contending that "Judge Tharp's 'ruling' that he needed to let this Appeal play out first should absolutely not be regarded as 'binding, or at a minimum, persuasive authority' as Midwest CRE would like this Court to hold.").) Midwest's misleading contention is denied.

(doc. # 40: Order Denying Motion to Reconsider, at 3 (*emphasis in original*)). On August 25, 2016, Midwest CRE filed a notice of appeal of the Dismissal Order and the order denying reconsideration (doc. # 43: Notice of Appeal to Seventh Circuit). That appeal remains pending and Midwest CRE's opening brief is due December 28, 2016 (7th Ct. Appeals 16-3269, doc. # 12).

## II.

Aspen Huron seeks sanctions against Midwest CRE and Barney and Karamanis pursuant to Federal Rules of Bankruptcy Procedure Rule 8020 ("Rule 8020") and Federal Rule of Appellate Procedure Rule 38 ("Rule 38").[3] Rule 8020 provides in relevant part that "[i]f the district court ... determines that an appeal is frivolous, it may, after a separately filed motion or notice from the court and reasonable opportunity to respond, award just damages and single or

---

[3]Although Aspen Huron brings its sanctions motion under both Rule 8020 and Rule 38, Rule 38 is inapplicable to actions in the district court. *Kadish v. Kmart Corp.*, No. 5 C 4874, 2006 WL 695452, at *1 (N.D. Ill. March 13, 2006) (pursuant to Federal Rule of Appellate Procedure Rule 1(a)(1), the Federal Rules of Appellate Procedure apply only to proceedings in the United States Courts of Appeals and are therefore, not applicable in district courts). But, noted in the Advisory Committee Notes to the rule, "[b]y conforming to the language of Rule 38 F.R.App.P., this rule recognizes that the authority to award damages and costs in connection with frivolous appeals is the same for district courts sitting as appellate courts ...." Rule 8020 Advisory Committee Notes, 1997 Amendment (see also *Kadish*, 2006 WL 695452, at *1). Accordingly, while case law interpreting Rule 38 is considered in applying Rule 8020, the Court considers this section of Aspen Huron's motion under Rule 8020 and not Rule 38.

8

double costs to the appellee." Rule 8020(a). Rule 8020 empowers courts to impose sanctions against both a party and its law firm. *See generally In re Sokolik*, 635 F.3d 261, 271 (7th Cir. 2011) (affirming party and his attorney jointly and severally liable for Rule 8020); *Tyson v. Jones & Laughlin Steel Corp.*, 958 F.2d 756, 763 (7th Cir. 1992) (finding sanctions appropriate, ordering counsel to file brief explaining why he, "either individually or his firm" should not pay such damages). This includes the authority to award attorney's fees in connection with the appeal. *See generally In re Sokolik*, 635 F.3d at 271 (affirming attorney's fees in connection with appeal as sanctions pursuant to Rule 8020 against party and his attorney: "an award of attorney's fees may be necessary to fulfill the deterrent purposes of Rule 8020"); *Greviskes v. Universities Research Ass'n, Inc.*, 417 F.3d 752, 761 (7th Cir. 2005) ("It is within the authority of this court, pursuant to Circuit Rule 38, to consider awarding attorney's fees and costs to [appellee] in connection with this appeal").

Sanctions awards serve both a compensatory and deterrent purpose. *Wachovia Securities, LLC v. Loop Corp.*, 726 F.3d 899, 910 (7th Cir. 2013). They "compensate the aggrieved party and deter future frivolous appeals." *Duff v. Central Sleep Diagnostics, LLC*, 801 F.3d 833, 844 (7th Cir. 2015). However, the Seventh Circuit has cautioned that sanctions should not be imposed lightly, as "[r]easonable lawyers often disagree, and 'this court's doors are open to consider those disagreements brought to us in good faith.'" *Id.* (quoting *Harris N.A. v. Hershey*, 711 F.3d 794, 801 (7th Cir. 2013)).

An appeal is considered "frivolous" when: the result is obvious; the appellant's argument is wholly without merit; the appeal is filed for an "inappropriate purpose"; or, the arguments made in support of appeal "are merely cursory." *Duff*, 801 F.3d at 844. Sanctions are also appropriate where an appeal is filed "with no reasonable expectation of altering the district

court's judgment and for purposes of delay or harassment or out of sheer obstinacy." *Harris N.A. v. Hershey*, 711 F.3d 794, 801 (7th Cir. 2013).

However, even if a court determines an appeal is frivolous, sanctions are "permissive and [the court] may 'decline to impose sanctions.'" *Salata v. Weyerhaeuser Co.*, 757 F.3d 695, 701 (7th Cir. 2014) (quoting *Independent Lift Truck Builders Union v. NACCO Materials Handling Group, Inc.*, 202 F.3d 965, 969 (7th Cir. 2000)). "Courts consider a variety of factors in deciding whether to impose sanctions under Rule 8020" including:

> bad faith on the part of the appellant; that the argument presented on appeal is meritless *in toto;* and, whether only part of the argument is frivolous. In addition, the court will consider whether appellant's argument: addresses the issues on appeal properly; fails to support the issues on appeal; fails to cite any authority; cites inapplicable authority; makes unsubstantiated factual assertions; makes bare legal conclusions; or, misrepresents the record.

*In re Sokolik*, 635 F.3d at 270 and n.4.

In *In re Sokolik*, the district court awarded sanctions pursuant to Rule 8020, summarizing the relevant (mis)behavior as follows: "[m]otions were filed by appellant without any basis in the rules, deadlines were ignored, procedural requirements were dismissed as unnecessary, and duplicative filings and objections were made thereby making it impossible for appellee to minimize its costs in this action." 635 F.3d at 270. The district judge specifically referenced the appellants' "reliance on the merger doctrine despite having waived it, several misstatements in the record," a "baseless" motion filed, and the improper filing of an appeal to the Seventh Circuit while the district court proceedings were still pending. *Id.* While not convinced that the appeal was filed in bad faith or was frivolous, the Seventh Circuit affirmed the sanctions award finding there was "ample evidence" suggesting that "the *manner* in which the appeal was litigated was frivolous." *Id.* (emphasis in original).

Based on the foregoing authorities and our review of the proceedings on appeal, the Court concludes Rule 8020 sanctions are warranted in this case because Midwest CRE's Sale Order Appeal was frivolous, both substantively and in the manner in which it was litigated. We separately address in turn the frivolous nature of the appeal on the merits, and the manner in which Midwest CRE litigated this case.

### A.

Aspen Huron argues Midwest CRE's grounds for appeal of the Sale Order were frivolous because (1) the majority of the issues Midwest CRE raised on appeal were moot, due to Midwest CRE's failure to seek a stay of the Sale Order, and (2) the only remaining issue was waived for failure to raise it in the bankruptcy court. We agree. Seventh Circuit case law is clear that "[g]iven the statutory guarantee of finality that § 363(m) provides," a party must seek a stay of a bankruptcy court's order approving the sale of estate property to a good faith purchaser or the sale will proceed and an appeal becomes moot. *In re River West Plaza-Chicago, LLC*, 664 F.3d 668, 671 (7th Cir. 2011). If the bankruptcy court denies a motion to stay pending appeal or if the party can show that moving first in the bankruptcy court would be impracticable, the movant may file a motion for stay in the district court. Fed. R. Bankr. Proc. Rule 8007(b). Yet, Midwest CRE failed to seek a stay of the Sale Order (orally or in writing), either in the bankruptcy court or the district court.

As Judge Kendall explained in the Dismissal Order, the only appeal issue that was not rendered moot by Midwest CRE's failure to stay the Sale Order pending its appeal was whether Aspen Huron is a good faith purchaser (Dismissal Order, at 4). However, Midwest CRE waived this issue by failing to assert it in the bankruptcy court, and instead "improperly" raising it for the first time on appeal (*Id.*, at 5, *citing Matter of Kroner*, 953 F.2d 317, 319 (7th Cir. 1992)). *See*

*also, In re Ondova Ltd. Co.*, 620 F. App'x 290, 292 (5th Cir. 2015) (*citations omitted*) ("a challenge to the purchaser's good-faith status itself is not mooted by sale if timely raised, but 'such a challenge may not be raised for the first time on appeal to the district court'"); *In re Crowder*, 314 B.R. 445, 449 (10th Cir. B.A.P. 2004) ("In order to challenge a purchaser's good faith status on appeal, a party must have raised the issue before the bankruptcy court").

In its response to the sanctions motion, Midwest CRE fails to address the frivolousness of raising appellate claims that are plainly moot under Section 363(m). With regard to its "good-faith purchaser" argument, Midwest CRE states that "it is axiomatic" that it could not have argued Aspen Huron was "not a good-faith purchaser until *after* the sale was consummated and Aspen could verifiably be deemed a 'purchaser'" (doc. # 41: Resp. to Motion for Fees and Costs, at 6) (*emphasis in original*). The Court rejects this argument. Midwest CRE had notice from the Trustee's Motion to Approve Sale that the Trustee was moving for approval of the sale of the Property to Aspen Huron, and that the Trustee asked that the "Order approving the sale provide that the Purchaser or the Successful Bidder is a 'good faith purchaser' with respect to the Property, within the meaning of 11 U.S.C. § 363(m)" (Bankr. 15-25385, doc. # 8: Trustee's Motion to Approve Sale, at 3, 11). Midwest CRE filed written objections and objected to the motion for approval of the sale to Aspen Huron during a hearing on the motion (*See* Bankr. 15-25385, doc. #21: Objection to Trustee's Motion to Approve Sale; Transcript from Bankr. Proceedings March 8, 2016, at 5-6). Midwest CRE had ample opportunity on either occasion to challenge the Trustee's request that Aspen Huron be found a good-faith purchaser. Midwest CRE did not avail itself of that opportunity on either occasion.

As it argued before Judge Kendall in its response to Aspen Huron's motion to dismiss, Midwest CRE seeks to justify its actions by citing two district court cases in which the courts

remanded appeals to the bankruptcy court based on an appellate argument that the buyer was not a "good faith purchaser" under Section 363(m). Those cases do not advance Midwest CRE's position. In *Katten v. Bailey*, 95 C 2720, 1995 WL 584239, at *6-7 (N.D. Ill. Oct. 2, 1995), unlike here, the issue whether there was a "good faith" purchaser was raised and fully litigated before the bankruptcy court. The second case Midwest CRE cites, as noted by Judge Kendall, is equally inapplicable (Dismissal Order, at 5). In *In re Wieboldt Stores, Inc.*, 92 B.R. 309, 313 (N.D. Ill. May 18, 1988), the court held that the appeal from the bankruptcy court's order authorizing the sale of the debtor's real estate was not moot, because – again, unlike here – the bankruptcy court had never entered a finding that the buyer was a "good faith" purchaser. Plainly, these cases provide no support for Midwest CRE's position that it could raise the good-faith purchaser argument on appeal without first having done so in the bankruptcy court.

### B.

We next consider the manner in which this appeal was litigated. While it is not a finding we ever make lightly, we are constrained to conclude that the manner in which Midwest CRE litigated the appeal warrants sanctions.

As set forth in the record and the Dismissal Order, Midwest CRE routinely ignored procedural requirements and deadlines set by the rules and Judge Kendall – as it had done in the bankruptcy court proceedings. After filing its Notice of Appeal, Midwest CRE ignored Bankruptcy Rule 8009 and failed to file its appellant designation by April 5, 2016 (Motion for Fees and Costs, at 3). Midwest CRE's failure to file forced Judge Kendall to set a briefing schedule without the designation of the record on appeal or a statement of issues (*Id.*; Minute Entry 4/12/16). Midwest CRE filed its response to the motion to dismiss 14 days late, forcing Aspen Huron to file a motion for an expedited hearing its motion to dismiss (Dismissal Order, at

13

2 n.2; Motion to Exp. Ruling on Motion to Dism.). Even Midwest CRE's response to this motion for sanctions was filed 12 days late (doc. # 37: Motion for Leave to file Resp. to Motion for Fees and Sanctions Out of Time).

Additionally, after filing the instant appeal from the Sale Order on March 23, 2016 and admitting the district court had jurisdiction in its appellant brief filed on April 26, 2016, on June 7, 2016 Midwest CRE reversed course and filed a supplemental jurisdictional statement asserting neither the bankruptcy court nor the district court had subject matter jurisdiction. As the Dismissal Order explained, there was no colorable basis for that argument (Dismissal Order, at 2 n. 3). Put simply, Midwest CRE frivolously argued that the district court lacked jurisdiction to consider the very appeal that Midwest CRE brought. Midwest CRE's futile jurisdictional argument forced Aspen Huron to unnecessarily incur costs litigating a jurisdictional issue in the appeal Midwest CRE filed.

The Court also finds troubling the fact that when Midwest CRE filed its motion for reconsideration of the Dismissal Order, it misrepresented Judge Tharp's ruling in the related appeal. As noted in the Judge Kendall's order denying the motion for reconsideration, Midwest CRE "remarkably contend[ed]" that the dismissal order was "inconsistent" with Judge Tharp's June 8, 2016 ruling in the Adversary Proceeding, and failed to make any specific argument as to how Judge Tharp's denial without prejudice that never reached the merits of the motion to dismiss was "allegedly precedential" in this action (Order Denying Motion to Reconsider, at 3).

### C.

Based on the foregoing, we are convinced that sanctions are appropriate. We agree with Midwest CRE that its appeal was not frivolous merely because it was unsuccessful. Rather, our conclusion that this appeal was frivolous is based squarely on the factors Section 8020 directs

14

courts to consider: Midwest CRE's failure to support its contentions on appeal (such as, that it could not have litigated the good-faith purchaser issue before there was a ruling on it in the bankruptcy court); citing inapplicable authority even in this appeal (*see* page 12-13, *supra*); raising baseless arguments (attacking jurisdiction of the appeal it brought); and misrepresenting the record (with its less than candid citation to Judge Tharp's ruling). In light of this pattern of conduct, this is not a case in which it would be appropriate for the Court to exercise its discretion to decline sanctions.

**III.**

Aspen Huron also seeks sanctions against CRE's law firm Barney and Karamanis LLP, pursuant to 28 U.S.C. § 1927, asserting counsel "unreasonably and vexatiously multiplied" this litigation and should be held accountable for the excess costs, expenses, and attorneys' fees incurred because of its "pursuit of this frivolous and meritless appeal" (Motion for Fees and Costs, at 6).

Section 1927 provides: "Any attorney or other person admitted to conduct cases in any court of the United States or any Territory thereof who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct." Since the Court recommends awarding fees against both Midwest CRE and Barney and Karamanis pursuant to Rule 8020, we need not reach the question whether they independently would be appropriate as a sanction under Section 1927. But we do note that under Section 1927, sanctions may not be imposed on the client. *1507 Corp. v. Henderson*, 447 F.2d 540, 542 (7th Cir. 1971). And, under Section 1927, sanctions may be imposed only on "attorneys and other persons admitted to conduct cases ... not their law firms." *Atlas IP, LLC v. Exelon Corp.*, No. 15 C 10746, 2016 WL

3958887, at *1 (N.D. Ill. July 22, 2016), *citing, Claiborne v. Wisdom*, 414 F.3d 715, 723 (7th Cir. 2005). Since the motion seeks sanctions under Section 1927 against the law firm and not the individual attorneys, Aspen Huron's motion for sanctions against Barney and Karamanis pursuant to Section 1927 is denied.

## CONCLUSION

For the reasons stated above, the Court respectfully recommends that Appellee's motion for an award of sanctions pursuant to Federal Rules of Bankruptcy Procedure Rule 8020 against Midwest CRE as well as Barney and Karamanis LLP be granted and that Appellee's motion for sanctions pursuant to Federal Rule of Appellate Procedure Rule 38 and 28 U.S.C. § 1927 be denied. Specific written objections to this Report and Recommendation may be served and filed within fourteen (14) days from the date that this order is served. Fed.R.Civ.P. 72(a). Failure to file objections with the District Court within the specific time will result in a waiver of the right to appeal all findings—factual and legal—made by this Court in the Report and Recommendation. *See Video Views, Inc. v. Studio 21, Ltd.*, 797 F.2d 538, 539 (7th Cir. 1986).

We direct the parties to meet and confer about the amount of fees to be paid subject to this report. We set this matter for a status hearing on December 13, 2016 at 9:00 a.m.[4]

ENTER:

SIDNEY I. SCHENKIER
United States Magistrate Judge

**DATE: November 22, 2016**

---

[4] The status date with the Court does not affect the time within which any objections to this Report and Recommendation must be filed.