IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| Midwest CRE Acquisitions Inc., ) | |
| ) | |
| Plaintiff, ) | |
| v. ) | 16 C 3547 |
| ) | |
| Aspen Huron, LLC et al., ) | Judge Virginia M. Kendall |
| ) | |
| Defendants. ) | |

## ORDER

For the reasons stated herein, the Court overrules Midwest CRE Acquisitions, Inc.'s ("Midwest") Objections to Magistrate Judge Schenkier's Report and Recommendation [52] and adopts the Report and Recommendation [51] in its entirety. Consistent with the Recommendation, the parties are directed to meet and confer about the amount of fees to be paid.

## BACKGROUND

Although the facts are laid out in detail in Judge Schenkier's Recommendation, briefly, on March 8, 2016, the United States Bankruptcy Court for the Northern District of Illinois confirmed the sale of a property in Chicago, Illinois to Aspen Huron LLC ("Aspen") and granted the property free and clear of all claims against it. (*See* Dkt. No. 5-1.) Midwest appealed the judgment of the bankruptcy court to this Court. The Court granted Aspen's motion to dismiss the appeal finding that Midwest had failed to move for a stay of the property sale pending its appeal to this Court and that Aspen was a good faith purchaser. (*See* Dkt. No. 27.) After the Court denied Midwest's motion for reconsideration, *see* Dkt. No. 40, the Court referred Aspen's motion for sanctions against Midwest and Midwest's attorney, Barney & Karamanis LLP ("Barney"), to Magistrate Judge Schenkier. (*See* Dkt. No. 47.)

On November 22, 2016, Judge Schenkier recommended that this Court grant the motion in part. Specifically, he recommended that sanctions be awarded pursuant to Federal Rules of Bankruptcy Procedure Rule 8020 against Midwest CRE as well as Barney and Karamanis LLP, and that Aspen's request for sanctions pursuant to Federal Rule of Appellate Procedure Rule 38 and 28 U.S.C. § 1927 be denied. (*See* Dkt. No. 51.) Midwest timely filed its Objections to the Recommendation on December 12, 2016. (Dkt. No. 52.)

## LEGAL STANDARD

Section 636(b)(1)(A) of the Federal Magistrates Act and Federal Rule of Civil Procedure 72(a) govern this Court's review of nondispositive magistrate judge decisions. *See* 28 U.S.C. § 636(b)(1)(A) (providing that a district judge "may reconsider any pretrial matter ... where it has been shown that the magistrate judge's order is clearly erroneous or contrary to law"); Fed. R. Civ. P. 72(a) ("The district judge ... must consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law."). "In short, the district judge reviews magistrate judge discovery decisions for clear error." *See, e.g., Precision Dose, Inc. v. United States*, No. 12 C 50180, 2014 WL 805994, at *1 (N.D. Ill. Feb. 28, 2014) (citing *See Weeks v. Samsung Heavy Indus. Co.,* 126 F.3d 926, 943 (7th Cir. 1997)). "The clear error standard means that the district court can overturn the magistrate judge's ruling only if the district court is left with the definite and firm conviction that a mistake has been made." *Weeks,* 126 F.3d at 943.

## DISCUSSION

Judge Schenkier found that sanctions were appropriate both because Midwest's grounds for appeal were frivolous and based on Midwest's conduct before this Court. (Dkt. No. 51 at 11-13.) Midwest objects to both findings, arguing that it brought its appeal in good faith and that its conduct was not deleterious. (Dkt. No. 52.)

### I. The Magistrate Judge Did Not Err in Holding that Midwest's Appeal was Frivolous

"An appeal is frivolous 'when the result is obvious or when the appellant's argument is wholly without merit.'" *Duff v. Cent. Sleep Diagnostics, LLC*, 801 F.3d 833, 844 (7th Cir. 2015) (*McCoy v. Iberdrola Renewables, Inc.*, 769 F.3d 535, 536–37 (7th Cir. 2014)).

Judge Schenkier held that the appeal was frivolous because the majority of the issues that Midwest raised before this Court were moot due to Midwest's failure to seek a stay of the Sale Order and that the only remaining issue, whether Aspen was a good faith purchaser, was waived because Midwest did not assert it before the bankruptcy court. (*See* Dkt. No. 51 at 11; *see also* Dkt. No. 27 (this Court's Order dismissing claim).) Midwest now contends that Judge Schenkier's finding that its appeal was frivolous is incorrect because its arguments raised legitimate questions of law. (*Id*. at 3.) However, the crux of Midwest's position is that the same issues that were rejected by this Court on multiple occasions and subsequently rejected by Judge Schenkier should be construed as legitimate questions of law. For example, Midwest contends that it presented a legitimate question of law that the bankruptcy court erred by failing to find that Aspen was a good faith purchaser. (*See* Dkt. No. 52 at 5.) Yet, Midwest presented and this Court rejected that same argument on two separate occasions, holding each time that Midwest's position was not supported by the law or the facts. (*See* Dkt. No. 27 at 3-4 (granting motion to dismiss and finding that bankruptcy court "explicitly held that Aspen was a good faith purchaser"); Dkt. No. 40 at 3 n.3 (denying motion to reconsider and holding again that the "bankruptcy court made an explicit finding that Aspen was a good faith purchaser and Midwest does nothing but extend previously rejected contentions here."). Apparently undeterred, Midwest raised the *same* argument before Judge Schenkier, who rejected it on the same grounds. (*See* Dkt. No. 51 at 12.) Even more, Midwest continues to rely on *In re Wieboldt Stores, Inc.*, 92

B.R. 309 (N.D. Ill. May 18, 1988) and *Katten v. Bailey*, 95 C 2720, 1995 WL 584239 (N.D. Ill. Oct. 2, 1995) despite the fact that this Court and Judge Schenkier have thrice explicitly held that those cases are distinguishable from the facts here.

Given that its objections are nothing more than reiterations of contentions that this Court and Judge Schenkier have rejected time again, Midwest fails to meet the clear error standard. As such, its Objections are overruled as to this first issue.

## II. The Magistrate Judge Did Not Err in Holding that Midwest's Conduct was Sanctionable

Judge Schenkier further held that sanctions are appropriate because of Midwest's conduct before this Court. Judge Schenkier detailed Midwest's (1) routine disregard for this Court's procedures and deadlines, including Midwest's missing the deadline to file its opposition to Aspen's motion for sanctions by 12 days, *see* Dkt. No. 37, and (2) presenting the unfounded position that the Court lacked jurisdiction over this appeal that Midwest itself filed.[1] In addition, Judge Schenkier noted, consistent with this Court's finding, that Midwest's complete misrepresentation of Judge Tharp's ruling in the related appeal was troubling. Such conduct, both in terms of failing to respect the Court's orders regarding deadlines and procedures and misrepresenting the law in its briefing, is certainly grounds for sanctions. *See In re Sokolik*, 635 F.3d 261, 269 (7th Cir. 2011) (affirming award of sanctions motion where the party ignored deadlines and procedural requirements, relied on doctrines that were inapplicable or otherwise waived, and made several misstatements in the record.). Midwest's response not only fails to justify its untimeliness – rather, it simply directs the Court to the record – but also entirely fails to address its misrepresentation of Judge Tharp's ruling.

Given Judge Schenkier's detailed review of the record and the law, Midwest's unsubstantiated objections are rejected.

## CONCLUSION

For the reasons stated above, the Court overrules Midwest's Objections to Magistrate Judge Schenkier's Report and Recommendation [52] and adopts the Report and Recommendation [51] in full.

_____
Virginia M. Kendall
United States District Court Judge
Northern District of Illinois

Date: December 29, 2016

---

[1] Notably, Midwest has not raised that jurisdictional issue here.

3